IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RADIO, TELEVISION, AND RECORDING ARTS PENSION FUND and its TRUSTEES: Thomas Bird, Ralph Avigliano, Matthew Loffredo, Arthur Temple, Michael P. Petaja, and Eloida James, <br><br> Plaintiffs, <br><br> v. <br><br> VENUE SERVICES GROUP, INC.; and CANDLEWOOD PARTNERS, LLC, <br> Defendants. | Case No._____ |

## COMPLAINT
### (FOR FAILURE TO PAY WITHDRAWAL LIABILITY AND CONTROLLED GROUP LIABILITY)

Plaintiffs, the Radio, Television, and Recording Arts Pension Fund, and its Trustees, by and through counsel, hereby complain of the Defendants as follows:

### Introduction

1. This claim is brought under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* (1982).

2. Plaintiffs seek judgments against an employer and the parent member of its controlled group, awarding withdrawal liability, interest, liquidated damages, and attorneys' fees and costs as a result of the employer's withdrawal from the Radio, Television, and Recording Arts Pension Fund (the "Fund"), a multiemployer pension plan.

1

## Jurisdiction and Venue

3. This Court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c). Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Fund is administered in this district at its principal place of business, 1501 Broadway, Suite 1724, New York, New York 10036.

## Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. § 186(c)) and a multiemployer benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). Its purpose is to provide retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with the Radio & Television Broadcast Engineers Union Local 1212 of the International Brotherhood of Electrical Workers (the "Local 1212").

5. Plaintiffs, Thomas Bird, Ralph Avigliano, Matthew Loffredo, Arthur Temple, Michael P. Petaja, and Eloida James are Trustees of the Fund and are fiduciaries of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and as the Board of Trustees are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

6. The Trustees administer the Fund at 1501 Broadway, Suite 1724, New York, New York 10036.

7. Pursuant to §§ 502(a)(3), 4221(b)(1), and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiffs are authorized to bring this action on behalf of the Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

8. At all times pertinent to this action, Defendant, Venue Services Group, Inc. ("VSG") was an employer within the meaning of 29 U.S.C. § 152(2) and § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, within the meanings of §§ 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

9. Upon information and belief, Defendant VSG is / was a Delaware corporation with a principal place of business at 100 Willow Street, East Rutherford, New Jersey 07073.

10. Defendant, Candlewood Partners, LLC ("Candlewood") is a limited liability company organized under the laws of the State of Ohio, and is a "trade or business" within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1). The address of its principal place of business is 10 ½ East Washington Street, Chagrin Falls, Ohio 44022, and it has offices in the Southern District of New York at 477 Madison Avenue, Suite 1220, New York, New York 10072.

## Allegations in Support of Relief Sought

11. The allegations contained in Paragraphs 1 through 10 are incorporated herein by reference.

12. ERISA §§ 4201-4225, 29 U.S.C. §§ 1381-1461 establishes withdrawal liability for multiemployer plans. ERISA § 4201, 29 U.S.C. § 1381, provides that if an employer withdraws from a multiemployer plan, the employer is liable to the plan for the amount determined to be the withdrawal liability.

13. VSG was signatory to, and bound by, a collective bargaining agreement ("CBA") with Local 1212, under which it was required to make contributions to the Fund on behalf of its employees who were covered by the Agreement. That Agreement obligated VSG to submit monthly payments to the Fund.

14. The Fund determined that on or about October 1, 2008, VSG closed all of its operations and therefore permanently ceased to have an obligation to contribute to the Fund, thereby withdrawing from the Fund in a statutory "complete withdrawal" as defined in § 4203 of ERISA, 29 U.S.C. § 1383.

15. The Fund initially determined that, as a result of this complete withdrawal, VSG incurred withdrawal liability to the Fund in the amount of $1,498,849.00, as determined under ERISA §§ 4201(b), 4211(b), and 4219, 29 U.S.C. § 1381(b),1389(b), and 1399 (the "Initial Withdrawal Liability Assessment").

16. On or about February 18, 2010, the Fund notified VSG of the Initial Withdrawal Liability Assessment by sending a Notice and Demand for payment of withdrawal liability to VSG at its last known address in accordance with §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

17. This Notice and Demand for payment of the Initial Withdrawal Liability Assessment informed VSG that its withdrawal liability was $1,498,849.00, payable as a single installment of $1,498,849.00 or in eight quarterly installments of $192,178.00 plus a final quarterly installment of $48,661.08.

18. By letter dated April 8, 2010 the Fund served a second Notice and Demand for payment of the Initial Withdrawal Liability Assessment upon VSG through its registered agent, demanding that payment be made within 60 days or by May 31, 2010.

19. VSG failed to make any payment of the Initial Withdrawal Liability Assessment and therefore it defaulted within the meaning of ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the entire amount of the Initial Withdrawal Liability Assessment became due and owing.

20. Neither VSG nor any other trade or business or member of its controlled group requested plan sponsor review of the Initial Withdrawal Liability Assessment within the time period specified in § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

21. Neither VSG nor any other trade or business or member of its controlled group initiated arbitration of the Initial Withdrawal liability Assessment within the time period specified in § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and, as a result, the Initial Withdrawal Liability Assessment became fixed, due, and owing.

22. Because neither VSG nor any other trade or business or member of its controlled group paid any portion of the Initial Withdrawal Liability Assessment, on October 8, 2010, the Fund brought suit against VSG in the United States District Court for the Southern District of New York, Case No. 10-CIV-07706-VM, to collect the Initial Withdrawal Liability Assessment, accrued interest, liquidated damages, and the Fund's attorneys' fees and costs pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

23. On or about March 25, 2011, the Court entered judgment in favor of the Fund and against VSG for the Initial Withdrawal Liability Assessment in the total amount of $1,895,130.00, consisting of withdrawal liability in the amount of $1,498,849,00, interest in the amount of $89,031.63, liquidated damages in the amount of $299,769.80, and attorneys' fees and costs in the amount of $7,479.65.

24. Subsequent to the entry of the above-referenced judgment against VSG, the Fund's actuary issued a revised withdrawal liability calculation for VSG's withdrawal liability in the principal amount of $2,128,802.00 (the "Revised Withdrawal Liability Assessment").

25. On or about December 13, 2011, the Fund notified VSG of the Revised Withdrawal Liability Assessment by sending a Notice and Demand for payment of Revised Withdrawal Liability Assessment to VSG at its last known address in accordance with §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

26. This Notice and Demand for payment of the Revised Withdrawal Liability Assessment informed VSG that its revised withdrawal liability was $2,128,802.00, payable as a single installment of $2,128,802.00, thirteen (13) quarterly installments, comprised of twelve (12) equal installments of $192,178.00 and a final installment of $13,081.55. Under the Notice and Demand, the first quarterly payment was due to the Fund no later than February 1, 2012.

27. VSG, nor any member of its controlled group, made any payment by February 1, 2012.

28. Consequently, by letter dated June 25, 2012, the Fund notified VSG that it was delinquent in making its first quarterly payment, and that it had 60 days from the date of the letter to cure the delinquency or it would be in default within the meaning of ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A).

29. On that same date, June 25, 2012, the Fund sent a copy of the above notices to Defendant Candlewood as a member of VSG's controlled group.

30. Neither VSG nor any other trade or business or member of its controlled group has paid any portion of the Revised Withdrawal Liability Assessment.

31. Neither VSG nor any other trade or business or member of its controlled group requested plan sponsor review of the Revised Withdrawal Liability Assessment within the time period specified in § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

32. Neither VSG nor any other trade or business or member of its controlled group initiated arbitration of the Revised Withdrawal liability Assessment within the time period specified in § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and, as a result, they are now precluded from doing so.

33. Accordingly, VSG is in default within the meaning of ERISA Section 4219(c)(5)(B), 29 U.S.C. § 1399(c)(5)(B) and 29 C.F.R. § 4219.33 and the entire amount of the Revised Withdrawal Liability Assessment is now due and owing.

## Count I

## Claim against Defendant VSG for Withdrawal Liability

34. The allegations contained in Paragraphs 1 through 33 are incorporated herein by reference.

35. ERISA § 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under § 515 of ERISA, 29 U.S.C. § 1145.

36. VSG is in default within the meaning of § 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B) and 29 C.F.R. § 4219.33, and the entire amount of the Revised Withdrawal Liability Assessment is now due and owing.

37. By the foregoing conduct, VSG has violated § 515 of ERISA, 29 U.S.C. § 1145, and is liable under § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the Revised Withdrawal Liability Assessment in the amount of $2,128,802, interest on the Revised Withdrawal Liability

Assessment from the date of default at the Fund's prescribed interest rate, liquidated damages equal to the greater of the interest or twenty percent (20%) of the withdrawal liability, and the Fund's reasonable attorney's fees and costs of this action.

38. Accordingly, the Fund requests judgment against VSG for the for the Revised Withdrawal Liability Assessment in the amount of $2,128,802, interest on the Revised Withdrawal Liability Assessment from the date of default at the Fund's prescribed interest rate, liquidated damages equal to the greater of the interest or twenty percent (20%) of the withdrawal liability, and the Fund's reasonable attorney's fees and costs of this action in excess of the amount of the judgment the Funds obtained against VSG for the Initial Withdrawal Liability Assessment ($1,895,130.00).

## Count II

### Claim against Defendant Candlewood for Controlled Group Liability

39. The allegations contained in Paragraphs 1 through 38 are incorporated herein by reference.

40. ERISA Section 4000(b)(1) extends an employer's withdrawal liability to all trades or businesses that are under common control with the employer.

41. At the time of VSG's withdrawal from the Fund, Defendant Candlewood was a trade or business under common control with VSG within the meaning of Section 414(c) of the Internal Revenue Code and the regulation thereunder.

42. Upon information and belief Defendant Candlewood held a controlling interest in VSG in that, at a minimum, it held ownership of stock possessing at least 80% of the total combined voting power of all classes of stock entitled to vote of VSG as of the date of VSG's withdrawal from the Fund.

43. By letter dated June 25, 2012, delivered by certified mail, the Fund notified Defendant Candlewood that it had been advised that it was a trade or business under common control with VSG as defined in ERISA Section 4001. Defendant Candlewood did not respond or otherwise deny that it was a trade or business under common control with VSG as defined in ERISA Section 4001.

44. As a trade or business under common control with VSG, Defendant Candlewood is jointly and severally liable for VSG's withdrawal liability under ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1).

45. Pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399, notice of withdrawal liability assessment, default, and all other notices provided under Sections 4201-4225 of ERISA, sent to one member of a controlled group constitutes notice to all trades or businesses in the same controlled group.

46. As set forth above, the Fund provided notice to VSG of its delinquent withdrawal liability payments. Neither VSG nor any trades or businesses including Defendant Candlewood have paid any of the withdrawal liability due and are now in default.

47. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

48. Accordingly, Defendant Candlewood is liable under Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. 29 U.S.C. § 1132(g)(2) and 1145 for delinquent withdrawal liability in the principal amount of $2,128,802, interest on that amount from the date of default at the Fund's prescribed interest rate, liquidated damages equal to the greater of the interest or twenty percent

(20%) of the withdrawal liability, and the Fund's reasonable attorney's fees and costs of this action.

**WHEREFORE**, Plaintiffs request the following relief:

1. A judgment against Defendant VSG, pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the Revised Withdrawal Liability Assessment in the amount of $2,128,802, interest on the Revised Withdrawal Liability Assessment from the date of default at the Fund's prescribed interest rate, liquidated damages equal to the greater of the interest or twenty percent (20%) of the withdrawal liability, and the Fund's reasonable attorney's fees and costs of this action less the amount of the judgment the Funds obtained against VSG for the Initial Withdrawal Liability Assessment ($1,895,130.00);

2. A judgment against Defendant Candlewood as a member of VSG's controlled group for the Revised Withdrawal Liability Assessment against VSG in the amount of $2,128,802, interest on the Revised Withdrawal Liability Assessment from the date of default at the Fund's prescribed interest rate, liquidated damages equal to the greater of the interest or twenty percent (20%) of the withdrawal liability, and the Fund's reasonable attorney's fees and costs of this action; and

3.  Such further or different relief as this Court may deem proper and just.

Dated: October 4, 2012                                  Respectfully submitted,

/s/ Michael D. Bosso
Michael D. Bosso
Colleran, O'Hara & Mills, L.L.P.
1225 Franklin Ave., Suite 450
Garden City, NY 11530
(516) 248-5757 (tel)
(516) 742-1765 (fax)
mdb@cohmlaw.com

and

Sharon M. Goodman
Jeffrey S. Swyers
SLEVIN & HART, P.C.
1625 Massachusetts Ave., NW Ste. 450
Washington, D.C. 20036
(202) 797-8700 (tel)
(202) 234-8231 (fax)
sgoodman@slevinhart.com
jswyers@slevinhart.com

Counsel for Plaintiffs

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

881060v1