Maynard A. Buck (0022423)
  *(Admitted Pro Hac Vice)*
Patrick O. Peters (0079539)
  *(Admitted Pro Hac Vice)*
Stuart A. Laven, Jr. (SL 9838)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone:    (216) 363-4500
Facsimile:    (216) 363-4588
Email:        mbuck@beneschlaw.com
              ppeters@beneschlaw.com
              slaven@beneschlaw.com

Attorneys for Defendant Candlewood Capital Partners, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RADIO, TELEVISION, AND RECORDING ARTS PENSION FUND, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>VENUE SERVICES GROUP, INC., *et al.*,<br><br>  Defendants. | Civil Action No.: 1:12-cv-07684-VM |

**ANSWER OF CANDLEWOOD CAPITAL PARTNERS, LLC**

For its Answer to the Complaint of Plaintiffs, Defendant Candlewood Capital Partners ("Candlewood"), misnamed in the Complaint as Candlewood Partners, LLC, denies and states as follows:

1.    Paragraph 1 of the Complaint is not an allegation directed against Candlewood and, therefore, does not call for a response. To the extent paragraph 1 is construed as an allegation against Candlewood, such allegation is denied.

2. Paragraph 2 of the Complaint is not an allegation directed against Candlewood and, therefore, does not call for a response. To the extent paragraph 2 is construed as an allegation against Candlewood, Such allegation is denied.

### Jurisdiction and Venue

3. Candlewood admits the allegations contained in paragraph 3 of the Complaint.

4. Candlewood denies for lack of knowledge the allegations contained in paragraph 4 of the Complaint.

5. Candlewood denies for lack of knowledge the allegations contained in paragraph 5 of the Complaint.

6. Candlewood denies for lack of knowledge the allegations contained in paragraph 6 of the Complaint.

7. Candlewood denies for lack of knowledge the allegations contained in paragraph 7 of the Complaint.

8. Candlewood admits the allegations contained in paragraph 8 of the Complaint.

9. Candlewood admits the allegations contained in paragraph 9 of the Complaint.

10. Candlewood admits the allegations contained in paragraph 10 of the Complaint.

### Response to Allegations in Support of Relief Sought

11. Candlewood incorporates by reference its responses to paragraphs 1 through 10 of the Complaint as if fully rewritten herein.

12. Paragraph 12 of the Complaint is not an allegation directed against Candlewood and, therefore, does not call for a response. To the extent paragraph 12 is construed as an allegation against Candlewood, such allegation is denied.

13. Candlewood denies for lack of knowledge the allegations contained in paragraph 13 of the Complaint.

14. Candlewood denies for lack of knowledge the allegations contained in paragraph 14 of the Complaint.

15. Candlewood denies for lack of knowledge the allegations contained in paragraph 15 of the Complaint.

16. Candlewood denies for lack of knowledge the allegations contained in paragraph 16 of the Complaint.

17. Candlewood denies for lack of knowledge the allegations contained in paragraph 17 of the Complaint.

18. Candlewood denies for lack of knowledge the allegations contained in paragraph 18 of the Complaint.

19. Candlewood denies for lack of knowledge the allegations contained in paragraph 19 of the Complaint.

20. Candlewood denies for lack of knowledge the allegations contained in paragraph 20 of the Complaint.

21. Candlewood denies for lack of knowledge the allegations contained in paragraph 21 of the Complaint.

22. Candlewood denies for lack of knowledge the allegations contained in paragraph 22 of the Complaint.

23. Candlewood denies for lack of knowledge the allegations contained in paragraph 23 of the Complaint.

24. Candlewood denies for lack of knowledge the allegations contained in paragraph 24 of the Complaint. Further answering, ERISA does not permit or authorize the

revision of withdrawal liability calculations in the circumstance described in paragraph 24 of the Complaint.

26. Candlewood denies for lack of knowledge the allegations contained in paragraph 25 of the Complaint.

26. Candlewood denies for lack of knowledge the allegations contained in paragraph 26 of the Complaint.

27. Candlewood denies for lack of knowledge the allegations contained in paragraph 27 of the Complaint.

28. Candlewood denies for lack of knowledge the allegations contained in paragraph 28 of the Complaint.

29. Candlewood denies the allegations contained in paragraph 29 of the Complaint.

30. Candlewood denies for lack of knowledge the allegations contained in paragraph 30 of the Complaint.

31. Candlewood denies for lack of knowledge the allegations contained in paragraph 31 of the Complaint.

32. Candlewood denies for lack of knowledge the allegations contained in paragraph 32 of the Complaint.

33. Candlewood denies for lack of knowledge the allegations contained in paragraph 33 of the Complaint.

<u>Count I</u>

34. Candlewood incorporates by reference its responses to paragraphs 1 through 33 of the Complaint as if fully rewritten herein.

35. Paragraph 35 of the Complaint is not an allegation directed against Candlewood and, therefore, does not call for a response. To the extent paragraph 35 is construed as an allegation against Candlewood, such allegation is denied.

36. Candlewood denies for lack of knowledge the allegations contained in paragraph 36 of the Complaint.

37. Candlewood denies for lack of knowledge the allegations contained in paragraph 37 of the Complaint.

38. Candlewood denies that Plaintiffs are entitled to any of the relief requested in paragraph 38 of the Complaint.

<u>Count II</u>

39. Candlewood incorporates by reference its responses to paragraphs 1 through 38 of the Complaint as if fully rewritten herein.

40. Candlewood denies the allegations contained in paragraph 40 of the Complaint.

41. Candlewood denies the allegations contained in paragraph 41 of the Complaint.

42. Candlewood denies the allegations contained in paragraph 42 of the Complaint.

43. Candlewood denies the allegations contained in paragraph 43 of the Complaint.

44. Candlewood denies the allegations contained in paragraph 44 of the Complaint.

45. Candlewood denies the allegations contained in paragraph 45 of the Complaint.

46. Candlewood denies for lack of knowledge the allegations contained in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint is not an allegation directed against Candlewood and, therefore, does not call for a response. To the extent paragraph 47 is construed as an allegation against Candlewood, such allegation is denied.

48. Candlewood denies the allegations contained in paragraph 48 of the Complaint.

49. Candlewood denies each and every allegation contained in the Complaint except those specifically admitted herein to be true.

First Affirmative Defense

50. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

51. Candlewood is outside the applicable controlled group.

Third Affirmative Defense

52. Plaintiffs failed to provide Candlewood with the statutorily required notice of and opportunity to challenge the withdrawal liability assessment.

Fourth Affirmative Defense

53. ERISA precludes Plaintiffs from revising the withdrawal liability assessment in any circumstance other than a mass withdrawal.

Fifth Affirmative Defense

54. On information and belief, Plaintiffs are estopped from recovery by virtue of the Radio, Television, and Recording Arts Pension Fund's Trustees' failure to properly manage the Fund for the exclusive purpose of providing benefits to participants, and making

unreasonable and unsound decisions with respect to Fund assets all leading to unfunded pension liabilities.

<u>Sixth Affirmative Defense</u>

55. Plaintiffs are barred from recovery under the doctrine of laches.

<u>Seventh Affirmative Defense</u>

56. Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered the Complaint of Plaintiffs. Candlewood respectfully requests this Honorable Court to dismiss such Complaint with prejudice and award Candlewood its costs, reasonable attorney fees and such other relief the Court deems just and proper.

Dated: January 29, 2013                                      Respectfully submitted,


<u>/s/ Maynard A. Buck</u>
Maynard A. Buck (0022423)
  *(Admitted Pro Hac Vice)*
Patrick O. Peters (0079539)
  *(Admitted Pro Hac Vice)*
Stuart A. Laven (SL 9838)
BENESCH FRIEDLANDER
  COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-mails:mbuck@beneschlaw.com
        ppeters@beneschlaw.com
        slaven@beneschlaw.com

*Attorneys for Defendant,*
*Candlewood Capital Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2013, a copy of the foregoing Answer of Candlewood Capital Partners, LLC was filed electronically. Service on all parties of record will be made through the Court's Electronic Filing System. The parties may access this filing through the Court's Electronic Filing System.

></br>

               */s/ Maynard A. Buck*
               *One of the Attorneys for Defendant*
               *Candlewood Capital Partners, LLC*